IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Gridway Energy Holdings, Inc., et al.¹ | Case No. 14-10833 (CSS) |
| Debtors. | (Jointly Administered) |
| Vantage Commodities Financial Services I, LLC, on behalf of Glacial Energy of Ohio, Inc. | |
| Plaintiff, | |
| v. | Adv. Pro. No. _____ |
| Warren Steel Holdings, LLC | |
| Defendant. | |

## COMPLAINT

Vantage Commodities Financial Services I, LLC (the "Plaintiff"), by and through its undersigned counsel, on behalf of and as the representative of the bankruptcy estate of Glacial Energy of Ohio, Inc. (the "Debtor"), hereby files this adversary proceeding against Warren Steel Holdings, LLC (the "Defendant") for (i) turnover, (ii) breach of contract, (iii) breach of the

---

¹ The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Gridway Energy Holdings, Inc. (5072); Glacial Energy Holdings (3292); Glacial Energy, Inc. (1189); Glacial Energy of New York (0776); Glacial Energy of New England, Inc. (1724); Glacial Energy of Maryland, Inc. (7173); Glacial Energy of California, Inc. (1795 ); Glacial Energy of Illinois, Inc. (1796); Glacial Energy of New Jersey, Inc. (8671); Glacial Energy of Pennsylvania, Inc. (9762); Glacial Energy of Texas (1517); Glacial Energy of Washington DC, Inc. (5548); Glacial Energy of Ohio, Inc. (0103); Glacial Energy of Michigan, Inc. (7110); Glacial Natural Gas, Inc. (0165); Negawatt Business Solutions (6299); Negawatt Business Solutions, Inc. (f/k/a/ Gridway Energy Partners, Inc.) (7086); Ziphany, L.L.C. (7934); and Glacial Energy VI, LLC (1142). The location of the headquarters of Glacial Energy VI, LLC is 5326 Yacht Haven Grande, Box 36, St. Thomas, VI 00802. The location of the headquarters for the remaining Debtors is 24 Massachusetts 6A, Sandwich, MA 02563.

covenant of good faith and fair dealing, (iv) unjust enrichment, (v) account stated, and (vi) recovery of attorneys' fees, and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(2)(E). To the extent any claims asserted in this Complaint are not core proceedings, such claims relate to the jointly administered cases styled *Gridway Energy Holdings, Inc., et al.*, Case No. 14-10833 (CSS) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4. The statutory and legal predicates for the relief requested by the Complaint are sections 105 and 542 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

5. On April 10, 2014, the Debtors filed voluntary petitions for relief under the Bankruptcy Code in this Court.

6. The Debtors continue in the management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## THE PARTIES

7. The Plaintiff is a Delaware limited liability company that has been granted standing and authority by this Court to commence and prosecute this action on behalf of the Debtor's estate.[2]

8. The Debtor is a Nevada corporation and a chapter 11 debtor in this bankruptcy proceeding.

9. Upon information and belief, the Defendant is a Delaware limited liability company with its principal place of business in Ohio.

## FACTS

10. The Debtor is a provider of electricity and natural gas to commercial, industrial and residential customers in Ohio.

11. The Defendant operates an electric arc furnace melt shop and casting facility in Trumbull County, Ohio.

12. On June 1, 2012, the Debtor and the Defendant entered into a Commercial/Industrial Electricity Wire Agreement (the "Initial Contract"), pursuant to which the Debtor agreed to sell and provide, and the Defendant agreed to buy and receive, the quantity of electricity necessary to meet the Defendant's full requirements during the term of the Contract, which was twelve months. The Initial Contract is governed by the laws of the State of Ohio. Attached as **Exhibit A** is the Initial Contract.

---

[2] See Gridway Energy Holdings, Inc., et al., Case No. 14-10833 (CSS), Order Pursuant to Sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving and Authorizing the Settlement Agreement by and between Debtors and Vantage Commodities Financial Services I, LLC (Bankr. D. Del. Nov. 24, 2014) ("Vantage shall have derivative standing to pursue . . . that certain receivable in the approximate amount of $3,544,793.81 owed by Warren Steel Holdings LLC to the Debtors"), Ex. 1, Section 4, [D.I. 646].

RLF1 11864531v.1

13. On December 31, 2013, the Debtor and the Defendant entered into a subsequent Commercial/Industrial Electricity Agreement (the "Subsequent Contract", and together with the Initial Contract, the "Contracts"), for the provision of electricity by the Debtor to the Defendant on a month-to-month basis. The Subsequent Contract provided that either party could cancel the contract by providing no less than 30 calendar days' written notice to the other party. The Subsequent Contract is governed by the laws of the State of Ohio. Attached as **Exhibit B** is the Subsequent Contract.

14. Pursuant to the Contracts, the Debtor provided to the Defendant weekly invoices detailing the Defendant's electricity usage and outstanding charges. The Contracts required the Defendant to pay the outstanding amount on or before the 14th calendar day following the Defendant's receipt of each invoice.

15. On January 27, 2014, the Defendant's outstanding unpaid balance under the Contracts was $40,404.37. During the period from January 27, 2014 through April 30, 2014, the Defendant continued to receive electricity under the Subsequent Contract that was ultimately invoiced in the amount of $3,504,389.44, which included the application of certain monthly true-ups and late fees. The Debtor is presently owed at least $3,544,793.81 from the Defendant in total net receivables (the "Receivable"). Attached as **Exhibit C** is a summary of the amounts owed to the Debtor by the Defendant.

16. Each of the invoices related to the Receivable (the "Invoices") were issued to the Defendant more than 240 days ago. Attached as **Exhibit D** are the Invoices delivered by the Debtor to the Defendant.

17. The Subsequent Contract remained in effect and was not terminated during the period in which the Receivable accrued.

18. The Debtor has made demands for payment of the Receivable, and to date, the Defendant has not paid any amount relating to the Receivable or disputed the amount owed under any of the Invoices.

19. During July and August of 2014, representatives from Optima Specialty Steel, Inc. ("Optima"), a Delaware corporation that is an affiliate of the Defendant and, upon information and belief, controls the Defendant, discussed potential plans for payment of the Receivable with J.P. Weissman, the Debtor's Director of Credit & Collections. However, the parties could not reach an acceptable payment plan at that time.

20. On March 12, 2015, the Plaintiff sent Thad Florence, the General Counsel of Warren Steel and Optima, a letter (the "Demand Letter"): (i) indicating that this Court has granted the Plaintiff standing to pursue the Receivable, and (ii) demanding payment in full of the Receivable within ten business days. Attached as **Exhibit E** is the Demand Letter.

21. On March 26, 2015, Mr. Florence responded to the Demand Letter, and thereafter the parties discussed a potential resolution of the dispute. However, an acceptable arrangement could not be reached.

22. Section 9(i) of the Commercial Terms of Service in the Subsequent Contract provides that the "[Defendant] shall pay all of [the Plaintiff's] reasonable fees and expenses incurred to enforce or collect any of the [Defendant's] obligations under this Agreement . . . ." Thus, in addition to the Receivable, the Defendant is obligated to pay the Plaintiff's attorneys' fees and expenses incurred as a result of bringing this action.

## COUNT I
### (Turnover Pursuant to 11 U.S.C. § 542)

23. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 22 above as if fully set forth herein.

24. The Defendant is in possession, custody and control of an amount no less than $3,544,793.81 relating to the Receivable.

25. The Defendant is not a custodian for the Receivable.

26. The amounts relating to the Receivable constitute a valid and existing debt, due and owing by the Defendant to the Debtor.

27. The Receivable is property of the Debtor's estate under section 541 of the Bankruptcy Code and constitutes a debt that is matured, payable on demand, or payable on order.

28. Despite being requested to do so, the Defendant has not turned over or paid to the Debtor any amount relating to the Receivable.

29. By reason of the foregoing, the Plaintiff is entitled to turnover of no less than $3,544,793.81 from the Defendant.

## COUNT II
### (Breach of Contract)

30. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 29 above as if fully set forth herein.

31. Under the Contracts, the Debtor and the Defendant agreed that the Defendant would pay amounts due under the Contracts to the Debtor.

32. The Contracts are valid and enforceable against the Defendant.

33. The Debtor performed its obligations under the Contracts with respect to the Receivable.

34. The Defendant's failure to compensate the Debtor with respect to the Receivable in an amount no less than $3,544,793.81 constitutes a material breach of the Defendant's obligations under the Contracts.

35. As a direct and proximate result of the Defendant's breaches, the Debtor incurred damages in an amount no less than $3,544,793.81.

36. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant in an amount no less than $3,544,793.81.

## COUNT III
### (Breach of Covenant of Good Faith and Fair Dealing)

37. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 36 above as if fully set forth herein.

38. Under the Contracts, the Debtor and the Defendant agreed that the Defendant would pay amounts due under the Contracts to the Debtor.

39. The Defendant did not perform its obligations under the Contracts with respect to the Receivable.

40. The Defendant's conduct violated the implied covenant of good faith and fair dealing inherent under the Contracts.

41. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant in an amount no less than $3,544,793.81.

## COUNT IV
### (Unjust Enrichment)

42. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 41 above as if fully set forth herein.

43. In the event that there is no adequate remedy at law for the Plaintiff on its breach of contract claim(s), the Plaintiff is entitled, in the alternative, to payment for the Defendant's unjust enrichment in an amount no less than $3,544,793.81 for benefits that the Debtor conferred upon the Defendant in the form of electricity deliveries.

44. The Defendant knowingly accepted the benefits conferred by the Debtor.

45. The Debtor reasonably expected to be compensated by the Defendant in an amount no less than $3,544,793.81 on account of the benefits conferred upon the Defendant.

46. It would be inequitable and unjust under the circumstances for the Defendant to retain these benefits without paying the value thereof.

47. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant in an amount no less than $3,544,793.81.

## COUNT V
### (Account Stated)

48. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 47 above as if fully set forth herein.

49. The Debtor and the Defendant agreed to the Contracts under which the Receivable accrued, or the Defendant failed for an unreasonable length of time to object to its duty to pay the Debtor with respect to the Receivable, and accordingly an account stated exists.

50. The Defendant has failed to pay the Debtor no less than $3,544,793.81 with respect to the Receivable.

51. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant in an amount to be proven at trial but no less than $3,544,793.81.

RLF1 11864531v.1

## COUNT VI
### (Recovery of Attorneys' Fees)

52. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 51 above as if fully set forth herein.

53. The Defendant's wrongful actions as alleged herein have necessitated that the Plaintiff take legal action on behalf of the Debtor to protect it from continued injury and to seek appropriate redress for ongoing and existing injury.

54. As the direct and proximate result of the Defendant's actions, the Plaintiff has suffered actual damages, in an amount which cannot now be determined, by incurring attorneys' fees and costs pertaining to the prosecution of the action brought herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests entry of judgment in its favor and prays that the Court:

(a) Pursuant to Count I, enter judgment against the Defendant for turnover in an amount no less than $3,544,793.81; and

(b) In the alternative to Count I, pursuant to Count II enter judgment against the Defendant for breach of contract and award damages in an amount no less than $3,544,793.81; and

(c) In the alternative to Counts I and II, pursuant to Count III enter judgment against the Defendant for breach of the covenant of good faith and fair dealing in an amount no less than $3,544,793.81; and

(d) In the alternative to Counts I, II, and III, pursuant to Count IV enter judgment against the Defendant for unjust enrichment in an amount no less than $3,544,793.81; and

(e)     In the alternative to Counts, I, II, III, and IV, pursuant to Count V enter judgment against the Defendant for account stated in an amount no less than $3,544,793.81; and

(f)     Award the Plaintiff prejudgment interest at the legally allowed applicable rate; and

(g)     Award the Plaintiff costs and expenses of suit herein; and

(h)     Grant the Plaintiff such other and further relief the Court deems just and appropriate.

Dated: April 24, 2015
       Wilmington, Delaware

/s/ Jason M. Madron
Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
E-mail:  madron@rlf.com

-and-

Kenneth Irvin (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
E-mail:  kirvin@sidley.com

*Attorneys for the Plaintiff*